BREAUX, C. J.
The defendant was charged, in an affidavit before the First city criminal court, with the murder of Samuel Morgan. .
When the case was called for hearing, it was continued on the motion of the district attorney.
Subsequently the affidavit made in the First city criminal court was dismissed on the motion of the district attorney.
After the dismissal, the grand jury took *1065 up the case, and found an indictment against the defendant on the same charge as that for which an affidavit had been made against him in the First city criminal court.
The defendant complains of the action of the district attorney in the city court in moving for a continuance, and of the action of the court in granting the continuance.
He complains of the action of the city court subsequently in dismissing the prosecution before his court on the motion of the district attorney.
Before this court, in an application for a writ of mandamus, defendant aslcs that he be decreed entitled to a preliminary examination, in accordance with section 1010 of the Revised Statutes, that the case be reinstated in the First city criminal court, and the cited section complied with.
He also asks that all proceedings under the indictment found against him be stayed, and that the mandamus be made peremptory.
“We 'decline to grant the mandamus prayed for.
Our reasons are:
That, the case having reached the point at which the district court called the defendant to plead to the indictment, we are not of opinion that a mandamus should be issued.
The defendant has raised the point before the district court he now presents to this court.
It was overruled.
The defendant, if there is any merit in his application, may '(if he be convicted) be heard on appeal. That which was done in the criminal district court is not within the grasp of a mandamus. It has become a fait accompli.
It is not possible, under a writ of mandamus, to undo that which has been done, as applied for in this case.
It is very evident that the purpose is to have the indictment quashed and set aside. There can 'be no other purpose. That cannot be accomplished in the manner proposed.
Furthermore the relator does not show by his averments in what respect he has been injured.
He has not been convicted.
Again, if the mandamus were to issue, and the judge of the city criminal court were to decide that defendant is not guilty, the decision would have no effect. It must be borne in mind that there was no prosecution pending in the First city criminal court at the date the indictment was found.
We will not,, in these proceedings, with the light before us, order a mandamus to issue.
The application for the writ of mandamus is refused.
It is ordered, adjudged, and decreed that the petition of relator be and the same is hereby dismissed; also his cLemand.